OPINION
{¶ 1} Appellant, Shawn D. Evans, appeals from a judgment of the Trumbull County Court of Common Pleas, denying his motion to dismiss the charge against him based upon a violation of the speedy trial provisions set forth by R.C. 2945.71, et seq. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On September 19, 2002, Detectives Melanie Gamble and David Weber, of the Warren Police Department, formally filed a complaint against appellant, alleging that he possessed cocaine, a Schedule II controlled substance, a felony of the fifth degree, in violation of R.C.2925.11. Appellant was arrested on September 23, 2002. Appellant promptly posted bond that day and was released. On September 24, 2002, appellant made his initial appearance in court and entered a plea of not guilty.
 {¶ 3} On January 7, 2003, appellant waived a preliminary hearing, stipulated to probable cause, and was bound over to the Trumbull County Grand Jury. Appellant was indicted for a violation of R.C. 2925.11, on February 4, 2003.
 {¶ 4} On March 5, 2003, appellant moved for the matter against him to be dismissed based upon violation of his speedy trial rights and subsequent prejudicial delay. On March 28, 2003, at a pre-trial hearing in the matter, the trial court heard appellant's motion to dismiss.
 {¶ 5} No testimony was provided at the hearing. Instead, the parties stipulated that, on April 25, 2001, appellant was held by the Warren Police Department for six hours while the police department obtained and executed a search warrant for his residence. The parties also stipulated that, at the end of those six hours, appellant was released; appellant was not subject to bail or any physical restraints; and charges were not filed against appellant until September 19, 2002.
 {¶ 6} It is worth noting that, although appellant contends otherwise, the parties did not stipulate that he was "arrested." A careful reading of the transcript reveals that there existed no such stipulation. At best, the parties agreed that appellant was detained. After discussing the above facts, which were indeed agreed upon, the following exchange occurred:
 {¶ 7} "THE COURT: Would you please stipulate to those operative facts?
 {¶ 8} "* * *
 {¶ 9} "[Counsel for appellant]: And I would like to state for the record that his arrest occurring on April 25th, 2001 included being in jail behind bars for six hours.
 {¶ 10} "[Counsel for the state]: I would disagree with that. He was never booked into the jail. He was held in a holding cell down at the Warren Police Department. He was never booked into the jail. He was basically detained for six hours and released. That's what I'm willing to stipulate to.
 {¶ 11} "[Counsel for appellant]: And that was behind bars. He was not allowed to leave.
 {¶ 12} "[Counsel for the state]: I'm stipulating he was detained for six hours, yes.
 {¶ 13} "[Counsel for appellant]: Okay.
 {¶ 14} "THE COURT: But he was never booked on this charge; are you willing to stipulate to that?
 {¶ 15} "[Counsel for the state]: He's never done a day in jail in this case.
 {¶ 16} "[Counsel for appellant]: The fact is, he was arrested. That's all I need.
 {¶ 17} "THE COURT: All right. So does everyone agree on those stipulated facts?
 {¶ 18} "[Counsel for appellant]: Yes.
 {¶ 19} "[Counsel for the state]: Yes." (Emphasis added.)
 {¶ 20} Appellant submitted no testimony or other evidence to the court that detailed the events that occurred, on April 25, 2001.
 {¶ 21} After the hearing, each party submitted a brief on the relevant legal issues. The trial court denied appellant's motion, on April 18, 2003. The trial court did not state its findings of fact, and appellant never requested them.
 {¶ 22} On May 29, 2003, appellant pleaded no contest to the charge set forth in the indictment. The trial court accepted appellant's plea and found him guilty of the offense. The trial court held a sentencing hearing, on August 15, 2003. In a judgment entry, dated August 26, 2003, the trial court suspended appellant's driver's license for six months and sentenced him to serve six months of imprisonment.
 {¶ 23} Appellant appealed from the trial court's April 18, 2003 denial of his motion to dismiss, and his sentence was stayed pending appeal. Appellant sets forth the following assignment of error:
 {¶ 24} "[1.] The trial court erred in denying defendant-appellant's motion to dismiss since defendant-appellant's speedy trial rights were violated when the state failed to prosecute him within 270 days after his arrest."
 {¶ 25} Both the United States Constitution and Section 10, Article I
of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. Courts must strictly enforce this right. Id. at 221. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Id., citing Statev. Pudlock (1975), 44 Ohio St.2d 104, 105.
 {¶ 26} In Ohio, R.C. 2945.71 dictates the time limits within which a defendant must be brought to trial. R.C. 2945.71 reads, in pertinent part:
 {¶ 27} "(C) A person against whom a charge is pending:
 {¶ 28} "* * *
 {¶ 29} "(2) Shall be brought to trial within two hundred seventy days after his arrest."
 {¶ 30} Pursuant to R.C. 2945.73, if a defendant is not brought to trial within the prescribed time period, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B). Once the 270-day statutory limit has expired, the defendant has established a prima facie case for dismissal. State v.Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden is upon the state to demonstrate any tolling or extension of the time limit.State v. Bowman (1987), 41 Ohio App.3d 319, 319.
 {¶ 31} In his sole assignment of error, appellant argues that the state violated his speedy trial rights by failing to try him within 270 days of his arrest. We disagree.
 {¶ 32} When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact. State v. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058, 1999 Ohio App LEXIS 3683, at 4.
 {¶ 33} "`The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on anaccused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.'" (Emphasis added.) State v. Triplett (1997) 78 Ohio St.3d 566, 568, quoting United States v. MacDonald (1982), 456 U.S. 1, 8. Following this logic, the Third Appellate District held in State v. Dunckleman, 2d Dist. No. 19233, 2002-Ohio-4463, at ¶ 19, that "R.C. 2945.71(C)(2) clearly states that a person charged with a felony `shall be brought to trial within two hundred seventy days after the person's arrest.'" (Emphasis added.)
 {¶ 34} The state relies heavily on State v. Broughton (1991),62 Ohio St.3d 253, 258, to assert that the statute begins to run during the time in which an indictment or charge of felony is pending.Broughton, however, is inapplicable to the case at bar. In Broughton, the original charges were dismissed and then re-filed. The Supreme Court of Ohio held that the time between the dismissal without prejudice of the original indictment and the filing of a subsequent indictment based upon the same facts did not run against the state when the defendant was not jailed or released on bail. Broughton at paragraph one of the syllabus. As such, the facts presented in Broughton do not exist in the matter sub judice. In this matter, following Dunckleman, appellant's speedy trial rights were not triggered until his arrest.[1]
 {¶ 35} The decision of a police department to detain an individual is not equivalent to a formal charge or arrest. "The decision to detain * * * is not the point at which the state `has committed itself to prosecute.'" State v. Bradford, 8th Dist. No. 37536, 1978 Ohio App. LEXIS 9959, at 5, quoting Kirby v. Illinois (1972), 406 U.S. 682, 689. Rather, the decision to detain involves other considerations, such as protection of the individual or the protection of others. Bradford at 5.
 {¶ 36} In this matter, it is apparent that the parties essentially misunderstand the nature of the stipulations made at the hearing. Appellant contends the parties stipulated that he was "arrested" on April 25, 2001. However, a careful reading of the exchange that occurred on the matter reveals that, at best, the parties stipulated that appellant was taken into custody, detained for six hours, and released without any charges pending and without any restraints on his liberty. This discrepancy was discussed above.
 {¶ 37} Appellant submitted no testimony or other evidence to the trial court detailing the events that occurred on April 25, 2001. As such, we cannot conclude that the speedy trial statute began to run on April 25, 2001. Appellant failed to establish a prima facie case for dismissal based upon that date as a trigger for the speedy trial statute to begin to run.
 {¶ 38} It is therefore apparent that the speedy trial statute began to run on September 23, 2002, when appellant was arrested on the complaint filed by detectives of the Warren Police Department, alleging a violation of R.C. 2925.11. A motion to dismiss acts to toll the time in which a defendant must be brought to trial, and such a motion tolls the statutory time until the trial court issues its decision on the motion. State v.Bickerstaff (1984), 10 Ohio St.3d 62, 66.
 {¶ 39} Appellant filed his motion to dismiss on March 5, 2003, and the trial court denied the motion in an April 18, 2003 judgment entry. As of April 18, 2003, only 163 days were chargeable to the state. After that date, forty-one additional days had passed until appellant entered his plea, on May 29, 2003. In total, 204 days were chargeable to the state. This time frame is well within the 270-day limit promulgated by R.C.2945.71. Accordingly, appellant failed to establish a prima facie case for dismissal based upon September 23, 2002 as the trigger for the speedy trial statute to begin to run.
 {¶ 40} In summary, there existed sufficient evidence demonstrating that the trial court's decision was legally justified and supported by the record. Appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., Rice, J., concur.
[1] The Dunckleman court clearly pointed out that the reference inBroughton to the speedy trial count being triggered by the filing of a subsequent indictment was only to apply in a case when an original indictment was dismissed, and a subsequent indictment was filed based on the same facts. Dunckleman further indicated that Broughton was not to be interpreted that it altered the directive in R.C. 2945.71(C)(2) that the speedy trial count in other cases was to commence other than on the day of a defendant's arrest.