[Cite as *State v. Wilson*, 2017-Ohio-502.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0082** |
| JOHN DAVID WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00903.

Judgment:  Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Robert L. York*, 138 East Mark Street, Warren, OH 44481. (For Defendant-Appellant).

*John David Wilson*, pro se, PID: A661-819, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH  44030-8000. (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}  Appellant, John David Wilson, appeals his sentence following his guilty plea to two counts of burglary and one count of receiving stolen property.  We affirm.

{¶2}  Wilson was indicted by the grand jury for burglary, a second-degree felony in violation of R.C. 2911.12(A)(1)&(D), burglary, a third-degree felony in violation of R.C.

2911.12(A)(3)&(D), and receiving stolen property, a fifth-degree felony in violation of R.C. 2913.51(A)&(C).

{¶3} Wilson appeared with his attorney and pleaded guilty to an amended indictment of two burglary charges, felonies of the third degree, and the original receiving stolen property charge. Wilson failed to appear for his scheduled sentencing and the court ordered bond forfeiture. He was ultimately sentenced to a total of 60 months comprised of 30 months on counts one and two, to be served consecutively, and twelve months on count three, to run concurrently.

{¶4} We granted Wilson leave to file a delayed appeal and appointed counsel, who asserts four assigned errors. Wilson also asserts a supplemental assignment of error pro se.[1] Appellant's appointed counsel filed a brief informing that he could not, in good faith, argue the supplemental assignments.

{¶5} Wilson's pro se assigned error alleges the state and trial court breached his written plea agreement because the trial court failed to impose concurrent 24-month sentences originally included in his pre-printed plea agreement.

{¶6} However, this typed paragraph in his plea agreement setting forth this lesser prison term is clearly crossed out, and next to this crossed-out paragraph are appellant's initials, the prosecutor's initials, and defense counsel's initials. Furthermore, this typewritten paragraph of the plea agreement was replaced with the following:

{¶7} "The underlying agreement upon which this plea is based is as follows: THE DEFENDANT TO UNDERGO A PRE-SENTENCE INVESTIGATION."

{¶8} In addition, the following exchange occurred at Wilson's plea hearing:

---

1. Appellant initially alleged two pro se assigned errors, but subsequently withdrew one.

{¶9}   "THE COURT:  I am holding in front of me a document that is captioned as a Finding of Guilty Pleas to Amended Indictment.  I will ask you if you've gone over this with your attorney?

{¶10}  "THE DEFENDANT:  Yes, sir.

{¶11}  "THE COURT:  Do you understand it?

{¶12}  "THE DEFENDANT:  Yes sir.

{¶13}  "THE COURT:  Do you have any questions about it?

{¶14}  "THE DEFENDANT:  No, sir, I don't.

{¶15}  "* * *

{¶16}  "THE COURT:  Any threats or promises made to you to cause you to sign this document?

{¶17}  "THE DEFENDANT:  No, sir.

{¶18}  "* * *

{¶19}  "THE COURT:  [Attorney] Matavich, are you satisfied that your client understands what is in this document and the consequences of waiving his Constitutional Rights?

{¶20}  "ATTY. MATAVICH:  Yes.

{¶21}  "THE COURT:  To this Amended Indictment, how do you plead?

{¶22}  "THE DEFENDANT:  I plead guilty.

{¶23}  "* * *

{¶24}  "THE COURT:   * * * The underlying agreement, it now reads that the Defendant is to undergo a presentence investigation.  There was another section there

3

that has been crossed out and initialed[.] [S]o it's everybody's understanding that now he will undergo a presentence investigation, is that correct?

{¶25} "[Defense counsel]: Yes.

{¶26} "[Prosecutor]: Yes.

{¶27} "THE COURT: All right. Mr. Wilson, you are going to undergo a presentence investigation to assist the Court in determining your sentence. So * * * Show up for your interviews at the Probation Department when you're asked to show up. Be truthful with them about your background and do not get into any kind of trouble between now and the time of sentencing. Do you understand that?

{¶28} "THE DEFENDANT: Yes, I do."

{¶29} Wilson claims the court and state were obligated to impose the typewritten, but crossed out prison term of 24-months. He directs our attention to *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, and *Cohen v. United States*, 593 F.2d 766 (6th Cir.1979), in support.

{¶30} However, the trial court in *Bonnell* "explicitly promised appellant it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving appellant the opportunity to withdraw his plea." *Id.* at ¶22. Further, the United States Court of Appeals for the Sixth Circuit held in *Cohen* that the petitioner would be entitled to relief from the district court if he could establish that the government breached the terms of the plea agreement. *Cohen* at 772.

{¶31} Here, however, neither the trial court nor the prosecutor breached the terms of the plea agreement in not imposing the crossed-out, shorter prison term. The

trial court asked Wilson if he understood the agreement, and he said yes. His attorney also verified that he understood the nature the plea agreement. Finally, Wilson was informed that he would be undergoing a presentence investigation to assist the court in determining his sentence. Thus, he was given notice and did not object or raise this argument before his plea or at sentencing.

**{¶32}** Wilson's sole pro se argument lacks merit.

**{¶33}** Wilson's second through fifth assigned errors raised by his appellate counsel allege:

**{¶34}** "[2] The trial court committed error prejudicial to defendant in failing to order defendant discharged from prosecution on all charges in the indictment on a date occurring after March 6, 2014.

**{¶35}** "[3] The trial court committed error prejudicial to appellant in finding that appellant understood and waived all of his constitutional rights; accepting appellant's guilty plea; and finding him guilty of the charges in the 'Plea Agreement.'

**{¶36}** "[4] The trial court committed error prejudicial to appellant in failing to determine that appellant understood the effect of his plea of guilty.

**{¶37}** "[5] Defendant was denied effective assistance of counsel throughout the entire proceeding below, in violation of his right to assistance of counsel guaranteed by the U.S. Constitution and his plea of guilty is, therefore rendered invalid."

**{¶38}** Wilson's second argument consists of three subparts arising from his alleged denial of his right to speedy trial. First, he claims the trial court erred in failing to engage in colloquy with Wilson to determine that his waiver of speedy trial rights was knowingly, intelligently, and voluntarily made. Second he claims that the preprinted

5

speedy trial waiver form does not specify the beginning date of the waiver. Finally, he alleges that because his trial did not commence within 270 days after his arrest, R.C. 2945.71 and 2945.72 require dismissal of all offenses charged in the indictment.

{¶39} Speedy trial issues present mixed questions of law and fact. *State v. Hiatt*, 120 Ohio App.3d 247, 261, 697 N.E.2d 1025 4th Dist. (1997). This court reviews questions of law de novo and applies the clearly erroneous standard to questions of fact. *State v. Evans*, 11th Dist. Trumbull No. 2003-T-0132, 2005-Ohio-1787, ¶32.

{¶40} It is undisputed that Wilson signed a written speedy trial waiver. He nonetheless argues he was deprived of his right to a speedy trial because he did not knowingly and intelligently waive his right.

{¶41} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Pachay*, 64 Ohio St.2d 218, 219, 416 N.E.2d 589 (1980); *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 1996 Ohio 171, 661 N.E.2d 706 (1996). A defendant may waive his or her right to a speedy trial, but to be valid, it must be in writing or made on the record in open court. *State v. King*, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903, syllabus (1994); *State v. McLean,* 11th Dist. Trumbull Nos. 2003-T-0115 and 2003-T-0116, 2005-Ohio-954, at ¶12*.

{¶42} In spite of Wilson's claims that his waiver is invalid, he never raised this argument to the trial court. Numerous courts, including the Ohio Supreme Court, have held that upon pleading guilty, a defendant's failure to raise a speedy trial issue constitutes waiver. *State v. Kelley*, 57 Ohio St.3d 127, 130, 566 N.E.2d. 658 (1991); *Worthington v. Ogilby*, 8 Ohio App.3d 25, 27 (10th Dist. 1982); *State v. Shorter*, 9th Dist. Summit C.A. No. 15055, 1991 Ohio App. LEXIS 4665, at *3-4 (Oct. 2, 1991); *State v.*

6

*Trummer*, 114 Ohio App.3d 456, 470-471, 683 N.E.2d 392 (7th Dist. 1996); *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶21 (5th Dist.) ; *State v. Hergenroder*, 7th Dist. Columbiana No. 07 CO 17, 2008-Ohio-2410, ¶13 (holding "[a]ppellant's failure to file an appropriately timed motion to dismiss on speedy trial grounds constitutes a waiver of the issue on appeal.")

{¶43} Wilson waived his speedy trial rights at his March 3, 2014 pretrial hearing both orally and in writing. His counsel indicated that he was unable to proceed with the scheduled trial due to a conflict in his schedule, and he also stated that Wilson wanted to secure new counsel. Wilson then informed the court that he understood the waiver; that he reviewed it with his attorney; that he had no questions; and that he voluntarily signed it. His counsel also confirmed that he believed Wilson understood the waiver of his speedy trial rights. The written waiver of his speedy trial rights states that it was granted for 120 days from March 3, 2014 and reset his trial to June 23, 2014.

{¶44} Thereafter, Wilson filed a motion to extend the previous waiver which was granted on June 16, 2014 for 60 days and his trial was reset to August 4, 2014.

{¶45} Wilson subsequently pleaded guilty to the amended indictment on August 4, 2014 without objecting on speedy trial grounds orally or in writing. Accordingly, he has failed to preserve this issue for appellate review, and his second claimed error lacks merit in full.

{¶46} Wilson's third assigned error alleges the trial court committed plain error in accepting his guilty plea since it was not voluntarily and intelligently entered. He argues that the court erroneously found that he understood and waived his constitutional rights

without conducting the requisite colloquy pursuant to Crim.R. 11, and as such, his plea must be vacated.

{¶47} "Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not [comply] does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. * * *

{¶48} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶49} Wilson specifically challenges the trial court's failure to explain his right to a speedy trial and his right to assistance of counsel, and claims it failed to ascertain whether he understood those rights in particular before accepting his guilty plea.

{¶50} Ohio Crim.R. 11(C)(2)(c) states:

{¶51} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶52} "* * *

{¶53} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

8

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

**{¶54}** Contrary to Wilson's argument, Crim.R. 11(C) does not require the trial court to explain a defendant's right to counsel or speedy trial rights in an on-the-record exchange before it may accept a guilty plea. The trial court was not required to inform him that by entering his guilty pleas, he was waiving his right to appeal his conviction on speedy trial grounds. *State v. Childs*, 12th Dist. Butler No. CA2009-03-076, 2010-Ohio-1814, ¶9; *State v. Smith*, 8th Dist. Cuyahoga No. 66497, 1995 Ohio App. LEXIS 1722, at *18 (Apr. 27, 1995) (holding in part that a trial court did not need to inform defendant that his "guilty plea * * * would operate as a waiver of his motion for dismissal for violation of the right to a speedy trial.")

**{¶55}** Notwithstanding, after the court confirmed that Wilson could read and write and he was not under the influence of drugs or medication, it conducted the requisite Crim.R. 11(C) discussion with him. It confirmed at the plea hearing that Wilson was not on probation; advised him of the right to counsel; the right to confront and cross-examine witnesses; the right against self-incrimination; and the right to appeal. The trial court also advised Wilson that his sentences could run consecutive to one another; that he could subpoena witnesses to testify; outlined the elements the state had to prove beyond a reasonable doubt at trial; listed the range of possible penalties; advised him that he faced up to three years post-release control; and stated that the state opposed judicial release. Wilson indicated that he understood these rights.

**{¶56}** Wilson thereafter confirmed that he reviewed the guilty plea to the amended indictment, he understood it, and he had no questions. He also confirmed

that he voluntarily signed the guilty plea.  Accordingly, Wilson's third assigned error lacks merit.

**{¶57}**  Wilson's fourth argument claims the trial court erred in not informing him that it did not have to impose the concurrent sentences that were crossed off in his guilty plea.  We disagree.  The trial court specifically informed Wilson that he was facing consecutive sentences before accepting his plea.  The trial court likewise confirmed the parties' assent to the crossed-out portion of his plea agreement and informed him that his sentence would be determined after the presentence investigation was complete.

**{¶58}**  Wilson, his attorney, and the prosecutor each initialed the crossed-out typewritten sentence which stated:  "The underlying agreement upon which this plea is based is as follows:   THE DEFENDANT TO UNDERGO A PRE-SENTENCE INVESTIGATION."

**{¶59}**  Based on the foregoing, we cannot find that Wilson's plea was not voluntarily and intelligently entered.  Accordingly, his fourth argument is overruled.

**{¶60}**  The last argument asserts that Wilson was denied effective assistance of counsel throughout the trial court proceedings in violation of his right to assistance of counsel guaranteed by the U.S. Constitution, and as a result, he claims his guilty plea is invalid.

**{¶61}**  "In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test.   First,  he must show that counsel's performance was deficient. * * * This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id*. A properly licensed attorney is presumed to be competent.

* * * In order to rebut this presumption, the defendant must show the actions of counsel did not fall within a range of reasonable assistance. * * * '[j]udicial scrutiny of counsel's performance must be highly deferential. * * *' *Id.* In addition, '[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.'

{¶62} "Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, '[t]he defendant must show that there is a reasonable probability that, but for counsel's * * * errors, the result of the [trial] would have been different.' * * *

{¶63} "It is well settled that strategic and tactical decisions do not constitute a deprivation of the effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel. *Id.*" *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶37-39 citing *Strickland v. Washington*, 466 U.S. 668, 687-689, 104 S. Ct. 2052 (1984).

{¶64} Wilson argues his trial counsel's collective errors constitute the effective assistance of trial counsel. First, Wilson alleges his counsel failed to file a motion to dismiss on speedy trial grounds. Second, he asserts his counsel erred in failing to conduct discovery before Wilson entered his guilty plea. Third, Wilson claims error based on his attorney's failure to move to withdraw Wilson's guilty plea before sentencing. Wilson claims he was prejudiced by counsel's collective errors, and as such, his guilty plea should be vacated.

11

**{¶65}** As for Wilson's speedy trial argument, R.C. 2945.71(C)(2) requires a person charged with a felony to be brought to trial within 270 days after the date of his arrest. Speedy-trial provisions are mandatory and must be strictly enforced. *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶15. If a defendant is not brought to trial in the allotted time, the trial court must discharge the defendant upon a timely motion. R.C. 2945.73(B).

**{¶66}** As the previously discussed speedy trial waivers were valid, and appellant's argument is dependent upon an invalid waiver, he was timely tried. Obviously, then, the failure to seek dismissal is not deficient.

**{¶67}** Next, Wilson claims his counsel was deficient in not securing discovery in advance of Wilson's guilty plea.

**{¶68}** However, as stated by the Fourth District Court of Appeals, counsel's failure to request discovery "does not place his performance outside the 'wide range of reasonable professional assistance.'" *State v. Jenkins*, 4th Dist. Lawrence No. 02CA5, 2003-Ohio-1058, ¶36, citing *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052. Additionally, Wilson must establish resulting prejudice from counsel's deficiencies or failures. Wilson does not allege the discovery would have revealed exculpatory or mitigating evidence. He likewise does not claim that but for his counsel's alleged error, he would have insisted on going to trial and not pleaded guilty. *State v. Fink*, 11th Dist. Ashtabula No. 2006-A-0035, 2007-Ohio-5220, ¶48, citing *State v. Lewis*, 11th Dist. Trumbull No. 92-T-4687, 1994 Ohio App. LEXIS 3652, at *8(August 19, 1994) .

{¶69} Furthermore, Wilson does object to or disagree with the state's summary of what the evidence would have shown had his case proceeded to trial. The prosecutor stated in part at his plea hearing:

{¶70} "[T]he state would have shown that on December 5, 2013, * * * this Defendant entered into an unlocked door of [a residence]* * * and took [a] wallet.

{¶71} "* * * Defendant entered into [another residence] * * * without permission, he stole pennies as well as a driver's license. A neighbor identified this Defendant as going into the home of the victim in that case * * * . Officer responded to an unrelated crash a couple hours later and they find this Defendant who matched the identification from the witness, and the Defendant had the [victim's] driver's license as well as the pennies on his person.

{¶72} "State would have introduced the testimony of both victims in this case and the evidence found on him when he was arrested."

{¶73} There was overwhelming evidence against him. An eyewitness identified him as the individual entering the victim's home, and soon thereafter he was arrested with the stolen property in his possession. Based on the foregoing, this argument lacks merit because Wilson's allegations of ineffective assistance of counsel did not affect his knowing and voluntary plea of guilt.

{¶74} Finally, Wilson claims his counsel was deficient for failing to withdraw his plea before sentencing because the crossed-out provisions in his written guilty plea led to confusion. However, the trial court clarified the details of the plea agreement at the plea hearing, advised Wilson he was facing consecutive sentences, confirmed that the parties initialed the changes to the written agreement, and informed Wilson that his

13

sentence was to be determined once the presentence investigation was obtained. Accordingly, a motion to withdraw Wilson's guilty plea on this basis was not warranted, and counsel's performance in this regard was not deficient.

{¶75} Based on the foregoing, Wilson's fifth assignment of error lacks merit in its entirety. Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.

concur.

14