[Cite as *State v. Johnson*, 2018-Ohio-3968.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-L-001**<br>**2018-L-002** |
| TYRESE PINK JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2017 CR 000320 and 2017 CR 001132.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Jennifer A. McGee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Edward M. Heindel,* 400 Terminal Tower, 50 Public Square, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Tyrese Pink Johnson, appeals his conviction and sentence in the Lake County Court of Common Pleas, following his guilty plea to multiple counts of possession of and trafficking in heroin and related felonies. The main issue is whether appellant's sentence was contrary to law. For the reasons that follow, we affirm.

{¶2} On October 19, 2017, pursuant to a plea bargain, appellant pled guilty in two separate cases in which he was charged via information. In the first case (Case

No. 17 CR 1132), he pled guilty to five counts: trafficking in heroin, a felony-five; possession of heroin, a felony-four; aggravated trafficking in fentanyl, a felony-four; trafficking in heroin, a felony-five; and possession of heroin, a felony-four.

{¶3} In the second case (Case No. 17 CR 320), he pled guilty to two counts: trafficking in heroin, a felony-five, and attempted tampering with evidence, a felony-four.

{¶4} Before accepting appellant's guilty pleas, the prosecutor gave the trial court a factual basis for the pleas in both cases.

{¶5} With respect to the first case, the prosecutor said the police arranged a controlled purchase of heroin from appellant by a confidential informant ("CI") in July 2016. A few days later, the police executed a search warrant at appellant's residence, during which they recovered $2,845 in drug-trafficking proceeds and a digital scale. Four months later, in November 2016, using a CI, the police arranged two controlled purchases of fentanyl and heroin from appellant. In December 2016, the police executed another search warrant, during which they recovered $1,000 in drug-trafficking proceeds, heroin, a hypodermic needle, and a digital scale.

{¶6} With respect to the second case, the prosecutor said that in February 2017, the police arranged a controlled purchase of heroin from appellant by a CI. Just before the exchange, several officers converged on appellant. He tried to run away and, while doing so, attempted to dispose of drugs, but he was apprehended and the drugs were found.

{¶7} Appellant admitted the facts recited by the prosecutor were true.

{¶8} After the trial court advised appellant of his trial rights and he waived those rights, the court found appellant's guilty plea was knowing and voluntary; accepted the

plea; and found him guilty as charged by information in both cases. The trial court referred the matter for a pre-sentence investigation and scheduled a sentencing hearing.

{¶9} In Case No. 17 CR 1132, the court sentenced appellant on Count 1 (felony-five) to ten months in prison, on Count 2 (felony-four) to 16 months, on Count 3 (felony-four) to 14 months, on Count 4 (felony-five) to ten months, and on Count 5 (felony-four) to 16 months. In Case No. 17 CR 320, the trial court sentenced appellant on Count 1 (felony-five) to ten months and on Count 2 (felony-four) to 14 months. The court ordered that the sentences imposed on all felony-fours would be served consecutively to each other, while the sentences on all felony-fives would be served concurrently, for a total of 60 months in prison.

{¶10} Appellant appeals his conviction and sentence in both cases, which are consolidated on appeal, asserting three assignments of error. For his first, he alleges:

{¶11} "The trial court erred when it sentenced Johnson to a prison term of sixty months."

{¶12} Appellant argues the trial court erred in sentencing him because it did not properly consider the purposes and principles of felony sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12.

{¶13} The Supreme Court of Ohio, in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, held that appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2) when reviewing felony sentences. *Marcum* at ¶1. Thus, applying the plain language of that statute, the Supreme Court held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and

3

convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.*

{¶14} The clear and convincing standard in R.C. 2953.08(G)(2) is highly deferential as the standard is written in the negative. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* "Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Accordingly, this court can vacate or modify a sentence only if it finds, by clear and convincing evidence, that the record does not support the trial court's decision or that the sentence is otherwise contrary to law. *Marcum, supra*, at ¶7.

{¶15} The Supreme Court of Ohio, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, held that R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding. *Foster* at ¶42. Rather, in sentencing a defendant on a felony, "a court is merely required to 'consider' the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. Further, "[a] trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶16} A reviewing court will presume the trial court considered all appropriate sentencing factors, even if the record is silent. *State v. Kish*, 11th Dist. Lake No. 2010-L-138, 2011-Ohio-4172, ¶8. Further, there is no requirement that the court state on the record that it considered the statutory sentencing criteria. *Id.* However, the trial court

4

satisfies its obligation to consider the sentencing criteria in R.C. 2929.11 and R.C. 2929.12 by stating that it considered them. *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34.

{¶17} Appellant argues the trial court did not properly consider the purposes and principles of felony sentencing because the court did not impose "less burdensome" sentencing options, such as concurrent prison terms, community control, or a residential sanction in a drug rehabilitation setting. In support, he cites R.C. 2929.11(A), which provides:

{¶18} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶19} The trial court expressly stated during appellant's sentencing hearing and in the court's sentencing entries that it considered the purposes and principles of felony sentencing in R.C. 2929.11 in imposing sentence. The court stated at sentencing:

{¶20} The Court has * * * considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11, which are to protect the public from future crime by this offender and others similarly minded, and to punish this offender using the minimum sanctions that the Court determines accomplish the purposes without imposing an unnecessary burden on state or local governmental resources. I have considered the need for incapacitation, deterrence, rehabilitation and restitution. I've considered the recommendations of the parties. I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society, and to be consistent with sentences imposed for similar crimes committed by similar offenders.

5

{¶21} Since the trial court expressly stated on the record and in its sentencing entries that it considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 in imposing appellant's sentence, the trial court satisfied its obligation to consider the sentencing criteria in R.C. 2929.11. *Brown, supra.*

{¶22} In arguing that the trial court violated R.C. 2929.11 because the court could have imposed, but did not impose, less burdensome sentencing options, appellant misconstrues the trial court's duty under this statute. The trial court is merely obligated to consider the purposes and principles of felony sentencing in R.C. 2929.11; it is not required to impose a less burdensome sentencing option.

{¶23} Appellant also argues that the trial court did not fully consider the seriousness and recidivism factors in R.C. 2929.12 because, he contends, he was cooperative in the investigation and prosecution of this case; he completed community control in a prior criminal case, and there were no injuries inflicted or weapons used in the instant cases. However, the trial court stated on the record, as follows:

{¶24} * * * I have considered all relevant factors including the seriousness and the recidivism factors set forth in divisions B through E of Revised Code 2929.12. In that regard, *the factors making the offenses more serious*, the offender does not have a drug problem and sold this not to feed a habit but sold them for profit, and preyed upon individuals who are drug addicted. The Court can't ignore the fact that Ohio has one of the largest opioid death rates in the country, and this Defendant has sold heroin on numerous occasions. There are no factors making the offenses less serious. *In terms of recidivism*, there is a previous criminal history. It's outlined in the pre-sentence report. The Court has had the Defendant twice before on felony cases. The Court has given the Defendant probation before, including on a conspiracy to robbery, felony 3, which was in 2011. The Defendant was back before me in 2014, which I sentenced him to prison for aggravated possession of drugs, possession of heroin, and trafficking in heroin. He was released on April 24th of 2016, and was back at [it] again with[in] a

6

relatively short period of time. The Defendant does have other offenses on his record including as a juvenile assault, obstructing official business, [and] CCW * * *. As an adult, resisting arrest, * * * assault, * * * conspiracy to robbery, receiving stolen property, failure to comply with the order of the Willoughby Municipal Court, obstructing official business, aggravated possession of drugs, possession of heroin, trafficking in heroin. The Court determines that there's been a rehabilitation failure after previous convictions and delinquency adjudications, and a failure to respond in the past to community control. The Court finds no genuine remorse. Psychological * * * testing does not find any significant drug or alcohol problems, and Mr. Johnson denied any drug or alcohol problems. This is solely a profit motivation. There are other profitable things to do in society if you need money. It's called work. The Court determines that there are no factors making recidivism unlikely. The Court finds that the Defendant poses the greatest likelihood of committing future crime. (Emphasis added.)

{¶25} As with R.C. 2929.11, the trial court satisfied its obligation under R.C. 2929.12 by expressly stating on the record and in its sentencing entries that it considered the seriousness and recidivism factors in R.C. 2929.12. *Brown, supra.* Moreover, the trial court was not obligated to give any particular weight to appellant's alleged cooperation in the investigation of this case or to his agreement to proceed via information. *Delmanzo, supra.* Contrary to appellant's argument, the trial court noted that there has been a rehabilitation failure after previous convictions and delinquency adjudications, and a failure to respond in the past to community control. Further, appellant's argument that no one was injured by his actions is unpersuasive since, as noted by the trial court, on numerous occasions, he sold drugs not to feed a habit, but, rather, to make a profit by preying on drug addicts.

{¶26} In view of the foregoing, the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism

7

factors in R.C. 2929.12 in imposing appellant's sentence. Therefore, we cannot clearly and convincingly find that appellant's sentence was contrary to law.

{¶27} For appellant's second assignment of error, he contends:

{¶28} "The trial court erred when it did not correctly make the findings required by R.C. 2929.19(C)(4) prior to imposing consecutive sentences."

{¶29} R.C. 2929.14(C)(4) provides:

{¶30} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶31} (a) The offender committed one or more of the multiple offenses while the offender was * * * under a sanction imposed pursuant to section 2929.16 * * * of the Revised Code [concerning community residential sanctions] * * *.

{¶32} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶33} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶34} The Supreme Court of Ohio, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at syllabus.

{¶35} If the trial court has properly made the required findings in order to impose consecutive sentences, an appellate court must affirm those sentences unless it clearly and convincingly finds that the record does not support the court's findings. *Venes, supra*, at ¶19.

{¶36} Here, appellant does not argue that the trial court did not make the required consecutive-sentence findings or that the record does not support the trial court's findings. Rather, he argues the trial court should have first made the findings required under the first paragraph of R.C. 2929.14(C)(4) (that consecutive sentences are necessary to protect public from future crime and such sentences are not disproportionate) and then proceeded to determine whether one of the factors in (a), (b), or (c) applied.

{¶37} However, R.C. 2929.14(C)(4), by its terms, does not require that the trial court make the consecutive-sentence findings in any particular order. Nor did *Bonnell, supra*, mandate the order in which the trial court's consecutive-sentence findings were to be made. *See id.* at ¶29. Significantly, appellant does not cite any case law supporting this argument. In any event, the trial court made the required consecutive-sentence findings in the order set forth in R.C. 2929.14(C)(4) and did not, as appellant argues, mix the findings together. The court first made the findings required in the first paragraph of R.C. 2929.14(C)(4) and then made findings under the third alternative finding in R.C. 2929.14(C)(4)(c). The trial court stated on the record:

> {¶38} The Court determines consecutive sentences are necessary to protect the public and to punish this offender, would not be disproportionate to his conduct and the danger he poses, * * * and his criminal history shows that consecutive terms are needed to protect the public from future crime.

**{¶39}** These findings were also incorporated into the court's sentencing entries.

**{¶40}** Based on our review of the record, we cannot clearly and convincingly find that (1) the record does not support the trial court's consecutive-sentence findings, or that (2) the trial court's sentence is otherwise contrary to law.

**{¶41}** For his third and final assignment of error, appellant alleges:

**{¶42}** "Johnson was denied his Sixth Amendment right to the effective assistance of counsel, rendering his guilty plea unknowing, involuntary, and not intelligently made. This also violated Article 1, Section 10 of the Ohio Constitution."

**{¶43}** Appellant argues his trial counsel was ineffective, and his conviction should be reversed, because his attorney did not request discovery or a bill of particulars.

**{¶44}** "In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-pronged test. First, the defendant must show that counsel's performance was deficient." *State v. Reed*, 11th Dist. Lake No. 2013-L-130, 2014-Ohio-5463, ¶90, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show the deficient performance prejudiced the defense." *Reed, supra*, at ¶91, citing *Strickland* at 694. The defendant "has the burden of demonstrating that his counsel rendered ineffective assistance." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶223, citing *Strickland* at 687. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697. To prove prejudice in the context of a guilty plea, the defendant must demonstrate there is a reasonable probability that, but for his counsel's error, he would not have pled guilty

10

and, instead, would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

**{¶45}** Further, "a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by the court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *4 (Mar. 22, 2002). This "waiver applies to a claim of ineffective assistance of counsel, unless the alleged conduct caused the plea not to be knowing and voluntary." *State v. Delmanzo*, 11th Dist. Lake No. 2009-L-167, 2010-Ohio-3555, ¶35.

**{¶46}** As noted above, appellant argues his attorney was ineffective in not requesting discovery or a bill of particulars. However, as stated by this court, "counsel's failure to request discovery 'does not place his performance outside the "wide range of reasonable professional assistance."'" *State v. Wilson*, 11th Dist. Trumbull No. 2015-T-082, 2017-Ohio-502, ¶68, quoting *State v. Jenkins*, 4th Dist. Lawrence No. 02CA5, 2003-Ohio-1058, ¶36, quoting *Strickland, supra,* at 689. Additionally, appellant must establish prejudice resulting from counsel's failure to request discovery, e.g., that discovery would have revealed exculpatory or mitigating evidence. *Wilson, supra*.

**{¶47}** Here, appellant's ineffective-assistance claim fails because the record shows his attorney's performance was not deficient. On September 5, 2017, appellant's counsel filed a motion to continue the guilty plea hearing in which he argued that the state had recently provided him with discovery in the two instant cases, and he

11

requested additional time "to review the discovery and discuss the matters with defendant." The trial court granted the motion and rescheduled the hearing.

{¶48} In addition, at the guilty plea hearing, defense counsel acknowledged the state had provided discovery to him. Defense counsel stated:

{¶49} When these particular cases were filed with the Lake County Prosecutor's Office, there were an initial (sic) with regards to resolution of these cases, and those cases resolved without an indictment, without pre-trials, without discovery, without - - well *there was discovery, I apologize. Discovery was tendered, which helped us come to the informations.* (Emphasis added.)

{¶50} Thus, contrary to appellant's argument, the state provided discovery to defense counsel in both cases before appellant pled guilty to the informations.

{¶51} Further, in this case, a bill of particulars would not have provided the defense with any additional information. It is undisputed that the Lake County Prosecutor's Office maintains "open-file discovery," pursuant to which the state provides discovery by allowing defense counsel to see all of its files regarding a case without requiring the defense to make a written request for discovery. The purpose of a bill of particulars is to inform an accused of the nature of the charges against him and the conduct of the defendant constituting the offense so that he can prepare his defense. Crim.R. 7(E). Ohio courts have repeatedly held that "[w]hen the State allows open-file discovery, * * * a bill of particulars is not required." *State v. Evans*, 2d Dist. Montgomery No. 20794, 2006-Ohio-1425, ¶24, citing *State v. Tebcherani*, 9th Dist. Summit No. 19535, 2000 WL 1729456, *6 (Nov. 22, 2000).

{¶52} In addition, during the plea hearing, when the trial court asked appellant if his attorney had done everything he asked him to do, appellant said he had and that he was "completely satisfied" with his attorney's representation. Appellant never told the

12

court that his attorney had not obtained discovery or shared it with him. Thus, appellant failed to demonstrate his trial counsel was deficient. For this reason alone, his ineffective-assistance claim fails.

{¶53} Further, appellant fails to reference the record to show he was prejudiced by the alleged failure of his attorney to request discovery. He never claimed below that discovery would have revealed exculpatory or mitigating evidence, *Wilson, supra*, or that, but for his attorney's alleged failure to request discovery, he would not have pled guilty.

{¶54} Appellant also argues that because his trial counsel did not request discovery or a bill of particulars, he did not fully understand the charges against him. As a result, he argues his guilty plea was not knowing, intelligent, and voluntary. However, since the record shows the state provided the defense with discovery, his argument lacks merit. In any event "'[g]enerally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant will be waiving certain constitutional rights by entering his plea.'" *State v. Strong*, 11th Dist. Ashtabula No. 2013-A-0003, 2013-Ohio-5189, ¶17, quoting *Madeline, supra.* Where the record shows the trial court complied with these three requirements, appellant's guilty plea is entered knowingly and voluntarily. *Id.*

{¶55} Here, the record shows the trial court scrupulously complied with each of these requirements. Moreover, at the plea hearing, appellant stated that he was voluntarily giving up all of the rights the court had explained to him; that he wanted the

court to accept his guilty plea; and that he was entering his guilty plea freely and voluntarily. Significantly, appellant admitted at the plea hearing that the statement of facts presented by the prosecutor was true and accurate and, thus, he was aware of the evidence supporting the charges against him.

{¶56} Finally, since appellant's guilty plea was voluntary, his claim that his trial counsel was ineffective is additionally barred or waived by his guilty plea. *Madeline, supra*.

{¶57} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.