[Cite as *State v. Riley*, 2019-Ohio-3327.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0031** |
| BRANDON A. RILEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage Court of Common Pleas, Case No. 2017 CR 01063 D.

Judgment:  Affirmed in part, reversed in part, and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Neil P. Agarwal*, 3732 Fishcreek Road, Suite #288, Stow, OH  44224 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Brandon A. Riley, appeals his sentence following his guilty plea to complicity to robbery, a second-degree felony.  We affirm in part, reverse in part, and remand the judgment of the Portage County Court of Common Pleas.

{¶2}    Appellant was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree.  At a plea hearing, the state moved to amend the charge to read complicity.  The trial court granted the motion and appellant

pleaded guilty to complicity to commit robbery. After finding appellant knowingly, voluntarily, and intelligently entered the plea, he was found guilty. Appellant was later sentenced to four years in prison; a fine was imposed, and appellant was assessed court costs, as well as an indigent assessment and recoupment fee. Appellant was additionally notified he was required to serve a mandatory three-years post-release control. He now appeals and assigns four errors for our review. His first provides:

{¶3} "The trial court committed reversible and plain error in accepting the defendant's guilty plea without strictly complying with the requirements of Crim.R. 11(C)(2)(C) (2/16/18, T.p. 5-8, T.d. 22)."

{¶4} Appellant first asserts his conviction must be vacated as a result of the trial court's alleged failure to comply with Crim.R. 11(C)(2)(c), which states in part:

{¶5} "In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶6} "* * *

{¶7} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶8} Appellant contends that although the trial court described the constitutional rights that he was foregoing and made sure appellant understood them, it never explained he was *waiving* these rights by pleading guilty. We disagree.

2

{¶9} The following exchange occurred at his plea hearing before the court accepted his guilty plea:

{¶10} "THE COURT: Sir, do you understand the effect of your guilty plea and its consequences?

{¶11} "THE DEFENDANT: Yes, Your Honor.

{¶12} "THE COURT: Do you accept those consequences today?

{¶13} "THE DEFENDANT: Yes, Your Honor.

{¶14} "THE COURT: And, Sir, do you understand that upon accepting your guilty plea, the Court may immediately proceed with judgment and sentencing?

{¶15} "THE DEFENDANT: Yes, Your Honor.

{¶16} "THE COURT: Sir, do you understand you do have a right to a trial in this matter either to the Court or to a Jury?

{¶17} "THE DEFENDANT: Yes, Your Honor.

{¶18} "THE COURT: Are you waiving that right today?

{¶19} "THE DEFENDANT: Yes, Your Honor.

{¶20} "THE COURT: Okay. Did you sign this (indicating) Waiver of Right to Jury Trial?

{¶21} "THE DEFENDANT: Yes, Your Honor.

{¶22} "THE COURT: Did you do so voluntarily?

{¶23} "THE DEFENDANT: Yes, Your Honor.

{¶24} "THE COURT: Sir, do you understand you have the right to confront and cross-examine witnesses against you?

{¶25} "THE DEFENDANT: Yes, Your Honor.

{¶26} "THE COURT: Are you waiving that right?

{¶27} "THE DEFENDANT: Yes, Your Honor.

{¶28} "THE COURT: And, sir, do you understand you have the right to subpoena witnesses to come in and testify on your behalf?

{¶29} "THE DEFENDANT: Yes, Your Honor.

{¶30} "THE COURT: Are you waiving that right?

{¶31} "THE DEFENDANT: Yes, Your Honor.

{¶32} "THE COURT: And, sir, do you understand it is the obligation of the Prosecutor's office to prove your guilt beyond a reasonable doubt?

{¶33} "THE DEFENDANT: Yes, Your Honor.

{¶34} "THE COURT: Are you waiving that right?

{¶35} "THE DEFENDANT: Yes, Your Honor.

{¶36} "THE COURT: And, sir, do you understand you're not required to testify against yourself?

{¶37} "THE DEFENDANT: Yes, Your Honor.

{¶38} "THE COURT: Are you waiving that right?

{¶39} "THE DEFENDANT: Yes, Your Honor.

{¶40} "THE COURT: And, sir, do you understand by entering a guilty plea, you waive your right to appeal any issue that may have been brought up at trial?

{¶41} "THE DEFENDANT: Yes, Your Honor.

{¶42} "THE COURT: And you are waiving that right?

{¶43} "THE DEFENDANT: Yes, Your Honor.

{¶44} "* * *

{¶45} "THE COURT: Sir, have you been promised, coerced, threatened in any way into entering a plea?

{¶46} "THE DEFENDANT: No, Your Honor.

{¶47} "THE COURT: You're doing this of your own free will?

{¶48} "THE DEFENDANT: Yes, Your Honor.

{¶49} "* * *

{¶50} "THE COURT: Sir, I've briefly gone over your rights with you. I know [defense counsel] has gone over your rights with you; you've gone over them; do you have any questions regarding your constitutional rights?

{¶51} "THE DEFENDANT: No, Your Honor.

{¶52} "THE COURT: Do you waive those rights at this time?

{¶53} "THE DEFENDANT: Yes, Your Honor.

{¶54} "THE COURT: And, sir, to Count One, Complicity to Robbery, a Felony of the Second Degree, how do you plead?

{¶55} "THE DEFENDANT: Guilty.

{¶56} "THE COURT: Thank you, sir. The Court finds the Defendant appeared in open court, was advised of his constitutional rights as set forth in his written plea, that he understood and waived said rights before entering the plea."

{¶57} When a court fails to strictly comply with Crim.R. 11(C)(2)(c) before accepting a guilty plea, the defendant's plea is invalid. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus; *State v. Johnson,* 10th Dist. Franklin No. 15AP-1021, 2016-Ohio-7945, ¶7. Strict compliance requires a court to orally advise a defendant of

each of the rights during the plea colloquy; a court cannot rely on other sources, such as a written plea agreement, to convey these rights. *Veney*, at ¶29.

{¶58} Appellant directs our attention to *State v. Strebler*, 7th Dist. Mahoning No. 08MA108, 2009-Ohio-1200, in support of his argument. The court in *Strebler*, however, did not advise the defendant at the hearing that by pleading guilty he was waiving the constitutional rights it had explained *before* accepting his guilty plea. *Id.* at ¶9-28. Thus, his plea was vacated, and the case was remanded.

{¶59} *Strebler* is distinguishable. The court here orally advised appellant at the plea hearing about each of his constitutional rights. After identifying each right, the court then individually confirmed appellant was waiving each before accepting his guilty plea. The court then collectively referenced appellant's constitutional rights and confirmed that he was waiving them before accepting his guilty plea. Accordingly, we hold the trial court complied with Crim.R. 11(C)(2)(c).

{¶60} Appellant's first assignment lacks merit.

{¶61} Appellant's second assigned error contends:

{¶62} "The trial court committed reversible and plain error when it sentenced the defendant without properly giving him all the notifications concerning post-release control. (4/16/18, T.p. 8-9, T.d. 26)."

{¶63} Appellant's second assignment asserts error is premised on the trial court's alleged failure to provide the requisite post-release control notifications both at his sentencing hearing and in its sentencing entry. First, he claims the court erred in failing to specify that the adult parole authority will administer his post-release control via R.C. 2967.28. And second, he claims the trial court failed to advise him about all the requisite

post-release control details in R.C. 2929.19(B)(2)(e). He does not dispute that he was provided the other requisite post-release notifications, and as such, we do not discuss them.

**{¶64}** "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, applying R.C. 2953.08(G)(2).

**{¶65}** Because a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without proper notification is contrary to law. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, ¶8.

**{¶66}** A valid and statutory-compliant imposition of post-release control requires the sentencing court to advise the defendant of three things at the sentencing hearing and in its sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes, supra*, at ¶1.

**{¶67}** Here, the court advised appellant at the sentencing hearing of the following:

**{¶68}** You will be subject to post-release control pursuant to Ohio Revised Code 2967.28.

**{¶69}** If you violate the terms of your post-release control, you could receive an additional prison term, not to exceed 50 percent of your original prison term.

7

**{¶70}** Post-release control is a mandatory period of three years, your potential penalty could be up to two years. Do you understand that?

**{¶71}** THE DEFENDANT: Yes, Your Honor.

**{¶72}** Riley's sentencing entry states:

**{¶73}** "The Court thereupon notified the Defendant that after release from prison, the Defendant will be supervised under **(mandatory)** post release control R.C. 2967.28 for three years and that if the Defendant violates the terms of post-release control the Defendant could receive an additional prison term not to exceed 50 percent of his original prison term." (Emphasis sic.)

**{¶74}** Here, the court notified appellant that he "will be subject to post-release control pursuant to Ohio Revised Code 2967.28." It similarly notified appellant that he would be "supervised under (mandatory) post release control [pursuant to] R.C. 2967.28 * * *."

**{¶75}** The phrase "a statement to the effect" implies that a specific recitation of the notification is unnecessary; it further implies that a summary of the notification will suffice to the extent it would have the effect of notifying a reasonable person of the point at issue. By referencing the statutory code section, which states that the APA will administer post-release control, we conclude the court gave a "statement to the effect" that the APA would be administrative body for post-release control once appellant was released. Appellant's argument in this regard is without merit.

**{¶76}** Second, Riley claims the court failed to notify him and provide the requisite statutory detail sufficient to inform him about what happens upon a violation of post-release control. We do not agree.

**{¶77}** R.C. 2929.19(B)(2)(e) states in part:

8

{¶78} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* do all of the following:

{¶79} "* * *

{¶80} "(e) Notify the offender that if a period of supervision is imposed following the offender's release from prison, * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."

{¶81} The "preeminent purpose" of R.C. 2967.28 is to ensure that "'offenders subject to postrelease control know *at sentencing* that their liberty could continue to be restrained after serving their initial sentences.'" (Emphasis added.) *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶52." *Grimes, supra,* at ¶14.

{¶82} Here, the court advised Riley at the sentencing hearing that he will be subject to post-release control for a mandatory term of three years pursuant to R.C. 2967.28, and that if he violates post-release control, he could receive an additional prison term, not to exceed fifty percent of his original term. Although the court did not specifically state the parole board may impose the additional term, as discussed above, we conclude the statutory reference is a sufficient "statement to the effect" that the APA has the discretion to impose the same.

{¶83} Appellant's second assignment of error lacks merit.

{¶84} Appellant's third assignment of error provides:

{¶85} "The trial court committed reversible and plain error by ordering the defendant to pay an 'assessment and recoupment fee.' (T.p. 8, T.d. 26)."

9

**{¶86}** Appellant's third assignment challenges the trial court's authority to order him to pay an "assessment recoupment fee," arguing there is no authority for such a fee. Because the trial court's intent and authority are unclear regarding this fee, we agree with appellant.

**{¶87}** We review the imposition of costs and financial sanctions under R.C. 2953.08(A)(4) and (G)(2)(b). *State v. Collins*, 2015-Ohio-3710, ¶30. "'An appellate court may not modify a financial sanction imposed unless it finds by clear and convincing evidence that the sanction is not supported by the record or is contrary to law.'" *State v. Teal*, 6th Dist. Lucas No. L-15-1280, 2017-Ohio-7202, quoting *State v. Farless*, 6th Dist. Lucas Nos. L-15-1060, L-15-1061, 2016-Ohio-1571, ¶36.

**{¶88}** As alleged, the trial court ordered appellant to pay an "assessment recoupment fee" at the hearing, stating:

**{¶89}** "The Defendant will pay a fine of $300.00 and court costs, as well as any assessment recoupment fee. I will allow seven years to pay.

**{¶90}** "If you cannot pay, I will allow you to do community work service of up to 40 hours a week through our adult probation department at $10 per hour until paid in full."

**{¶91}** In its sentencing entry, the court likewise states that it is ordering appellant to pay "the indigent assessment and recoupment fee." It does not reference or explain the basis for this fee at the hearing or in its entry. Thus, as appellant argues, it is unclear what the court was ordering him to pay when it stated that he was to pay "any assessment recoupment fee." And although not included at the sentencing hearing or in its entry, an April 17, 2018 notation on the transcript of the docket states the "indigent defense

10

recoupment fee (common pleas)" assessed against appellant is $75. There is no corresponding entry reflecting the amount of this fee.

{¶92} The state contends the trial court's imposition of this "assessment recoupment fee" was an order directing appellant to repay court-appointed attorney fees under R.C. 2941.51(D). The court, however, makes no reference to this section in the entry or at sentencing.

{¶93} R.C. 2941.51, captioned "Person represented shall pay for part of costs if able," states in part:

{¶94} "(A) Counsel appointed to a case or selected by an indigent person under division (E) of section 120.16 or division (E) of section 120.26 of the Revised Code, or otherwise appointed by the court, * * * *shall be paid for their services by the county* * * *.*

{¶95} "* * *

{¶96} "(D) The fees and expenses approved by the court under this section *shall not be taxed as part of the costs and shall be paid by the county*. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay. Pursuant to section 120.04 of the Revised Code, the county shall pay to the state public defender a percentage of the payment received from the person in an amount proportionate to the percentage of the costs of the person's case that were paid to the county by the state public defender pursuant to this section. The money paid to the state public defender shall be credited to the client payment fund created pursuant to division (B)(5) of section 120.04 of the Revised Code." (Emphasis added).

{¶97} And R.C. 120.04(B)(5), which is referenced in R.C. 2941.51(D), states in part that it is the public defender's duty to "[c]ollect all moneys due the state for reimbursement for legal services * * * under section 2941.51 of the Revised Code and institute any actions in court on behalf of the state for the collection of such sums that the state public defender considers advisable."

{¶98} When statutory language is unambiguous and definite, we apply it as written. *Marcum, supra,* at ¶8. A plain reading of R.C. 2941.51(D) confirms that it explicitly *precludes* these fees and expenses from being taxed as costs in criminal proceedings. Further, R.C. 120.04(B)(5) confirms that the collection of any attorney fees under R.C. 2941.51(D) must be separately pursued by the public defender via the civil collection process. *State v. Lambert,* 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶19, citing *State v. Springs,* 2d Dist. Champaign No. 2015 CA 3, 2015-Ohio-5016; *accord State v. Breneman,* 2d Dist. Champaign No. 2013 CA 15, 2014-Ohio-1102, ¶5; *State v. Louden,* 2d Dist. Champaign Nos. 2013 CA 30, 2013 CA 31, 2014-Ohio-3059, ¶28.

{¶99} R.C. 2941.51(D) states that a defendant shall pay the county an amount that offender reasonably can be expected to pay, but it does not authorize the collection of the same via the criminal proceedings. "Rather, the court must enter a separate civil judgment for the fees or part thereof that the court finds the defendant has the ability to pay." *State v. Crenshaw,* 145 Ohio App.3d 86, 90 (8th Dist.2001), citing *State v. Trembly*, 137 Ohio App.3d 134, 144 (8th Dist.2000). "'The court may not imprison the defendant in order to compel him to pay the civil judgment * * *.'" *State v. Cole*, 6th Dist. Lucas No. L-03-1162, 2005-Ohio-408, ¶28, quoting *State v. Brown*, 6th Dist. Lucas No. L-97-1332, 7-8 (Nov. 19, 1999).

12

{¶100} Thus, the sentencing court can determine a defendant's ability to pay under R.C. 2941.51(D) and may find that a defendant has or may be expected to have the means to pay all or some of the legal costs of defense, but it cannot assess attorney fees against a defendant as part of the state's costs of prosecuting the case. *City of Galion v. Martin,* 3rd Dist. Crawford No. 3-91-6, 1991 WL 261835, *5. *Accord Crenshaw, supra,* at 90. Thus, assuming the court here is attempting to employ R.C. 2941.51(D) to recover indigent attorney fees *as costs* in this criminal action, a plain reading of R.C. 2941.51 does not authorize this action and the same is contrary to law.

{¶101} Because, however, it is unclear what the trial court's intent and authority is for imposing the $75 recoupment assessment fee and the manner by which it intends to collect this fee, we reverse and remand. On remand the trial court must identify its authority for the imposition of this fee and how the same will be collected. Moreover, because the $75 amount only appears on the trial docket, the trial court must set forth the amount in its judgment entry. *See, e.g., Mentor v. Kreischer*, 11th Dist. Lake No. 93-L-198, 1994 WL 590330, *1 (Sept. 23, 1994) ("It is well settled that a court speaks only through its judgment entries * * *.").

{¶102} Appellant's third assignment has merit.

{¶103} Appellant's fourth assignment of error provides:

{¶104} "The trial court committed reversible error in assessing a fine and an 'assessment and recoupment fee' without any regard to the defendant's ability to pay those amounts. (T.p. 8, T.d. 26)."

{¶105} Appellant's fourth and final assigned error claims reversible error based on the court's assessment of a $300 fine and the recoupment assessment fee without

13

making a finding regarding his ability to pay. Riley claims the court acted contrary to law by failing to make findings as to his ability to pay consistent with R.C. 2929.19(B)(5). We disagree because neither statute requires the trial court to make a finding as to appellant's ability to pay.

{¶106} R.C. 2929.19(B)(5) states that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court *shall consider* the offender's present and future ability to pay the amount of the sanction or fine." (Emphasis added.) Thus, R.C. 2929.19(B)(5) only requires a court to consider an offender's ability to pay before imposing a fine, not to make a finding in this regard.

{¶107} The trial court likewise does not have to explicitly state that it considered the defendant's ability to pay a fine; its consideration may be inferred from the record. *State v. Taylor,* 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, ¶47, citing *State v. McNaughton,* 11th Dist. Lake No. 2011-L-083, 2012-Ohio-1271, ¶30. "[B]ut the record should contain some evidence that the trial court considered the offender's ability to pay." *Id.* Thus, there was no error in the court's imposition of the $300 fine.

{¶108} Moreover, while we acknowledge a split in authority as to whether an affirmative finding regarding the defendant's ability to pay is required under R.C. 2941.51(D) for recoupment of attorney fees, we hold that no such finding is required.

{¶109} Assuming the court was ordering appellant to pay under R.C. 2941.51(D), several appellate courts, including this one in dicta, have stated that the sentencing court must make "an affirmative determination on the record of [a defendant's] ability to pay or reasonable expectation thereof before" it can assess the cost of court-appointed counsel.

14

*State v. McGee*, 7th Dist. Jefferson No. 02-JE-39, 2003-Ohio-2239, ¶8. *See also State v. Talley,* 6th Dist. Lucas No. L-15-1187, 2016-Ohio-8010, ¶44; *State v. Clark*, 11th Dist. Ashtabula No. 2006-A-0004, 2007-Ohio-1780, ¶38; *State v. Beach*, 9th Dist. Summit No. 26021, 2015-Ohio-3445, ¶53 (holding that a finding is required before a court may order a defendant to pay some or all court-appointed attorney fees).

**{¶110}** The statute, however, does not require such a finding. Ohio courts have consistently held that a sentencing court is only required to make findings when the applicable statute requires a finding. For example, the failure to make the required findings to impose consecutive sentences in R.C. 2929.14(C)(4) at the sentencing hearing renders the sentence contrary to law. *State v. Barajas-Anguiano,* 11th Dist. Geauga No. 2017-G-0112, 2018-Ohio-3440, ¶19, citing *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177. *Accord State v. Koeser,* 11th Dist. Portage No. 2013-P-0041, 2013-Ohio-5838, ¶24. R.C. 2929.14(C)(4) states in pertinent part that a court "may require the offender to serve the prison terms consecutively if the court *finds* that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also *finds* * * * [one of three possible factors applies.]" (Emphasis added.)

**{¶111}** When, however, a statute states that a sentencing court "shall consider" something, that is all that is required. *See State v. Johnson,* 11th Dist. Lake No. 2018-L-001, 2018-Ohio-3968, ¶19 (holding that the trial court's statement that it *considered* the purposes and principles of felony sentencing in R.C. 2929.11 in imposing sentence was sufficient to comply with the statute); *State v. Carter,* 11th Dist. Portage No. 2003-P-0007,

2004-Ohio-1181, ¶46 (finding that the trial court's obligation to consider the factors enumerated in R.C. 2929.12 can be derived from the sentencing transcript or the sentencing entry).

{¶112} Thus, a court is not required to find an offender has the ability to pay before employing R.C. 2941.51(D) for recoupment of attorney fees. *Accord State v. Lane,* 12th Dist. Butler No. CA2002-03-069, 2003-Ohio-1246, ¶23 (holding in part the trial court's statement that it considered the PSI was sufficient to show that it considered whether the defendant has or reasonably may be expected to have the means to pay all or part of the costs of the legal services rendered).   In light of this conclusion, we reject this court's statement to the contrary set forth in *State v. Clark*, 11th Dist. Ashtabula No. 2006-A-0004, 2007-Ohio-1780, ¶38.

{¶113} Here, the trial court acknowledges that it considered the presentence investigation report or PSI, which reflects that appellant was 24 years old at the time and in good physical health.  The PSI does not detail his employment or financial history, but states that he earned his GED and has not worked since November of 2017.  The court likewise provides appellant seven years to pay the judgment for fines and court costs, and indigent assessment and recoupment fee, and states that if he is unable to pay, then he can perform community service until the amount is paid.

{¶114} Thus, as the state contends, the record reflects the trial court sufficiently considered appellant's ability to pay the fine consistent with R.C. 2929.19(B)(5) and that it had sufficient information before it to assess his ability to pay an indigent recoupment fee.

{¶115} Appellant's fourth assignment of error lacks merit.

16

{¶116} Based on the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed in part, reversed in part, and remanded. On remand, the trial court must identify its authority for the imposition of the $75 indigent recoupment fee and how it will be collected.

TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in part and dissents in part with a Dissenting Opinion.

_____

THOMAS R. WRIGHT, P.J., concurs in part and dissents in part with a Dissenting Opinion.

{¶117} Riley's first argument under his second assignment correctly asserts the trial court failed to notify him at the hearing and in its entry that the adult parole authority will administer his post-release control. As alleged, the court does not mention the APA at the hearing or in its entry.

{¶118} The applicable version of R.C. 2929.19(B)(2)(e) states in part:

{¶119} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* do *all* of the following:

{¶120} "* * *

{¶121} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, * * * and if the offender violates that supervision or a condition of post-release control * * *, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." (Emphasis added.)

17

**{¶122}** Here, the court told Riley at sentencing that he will be subject to post-release control for a mandatory term of three years pursuant to R.C. 2967.28, and that if he violates post-release control, he could receive an additional prison term, not to exceed fifty percent of his original term. Yet, the court did *not* inform Riley it is the parole board that may impose a prison term, as part of the sentence. This is a statutorily mandated notification. *See State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 13. And this notification has utility. Until sentencing, the judge has made all the decisions. Therefore, a defendant could reasonably expect the trial court would decide whether to impose a prison term for a post-release control violation, when in fact it does not.

**{¶123}** Notice of some but not all the information fails. Thus, the second aspect of Riley's second assignment has merit. Remand for the limited purpose of properly notifying that the parole board may impose a prison term is required.

**{¶124}** Accordingly, I dissent on this issue but agree with the majority on the remainder.