[Cite as *State v. Evans*, 2020-Ohio-4639.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0070** |
| ADAM J. EVANS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0227.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Adam Evans*, pro se, A761-655, Richland Correctional Institution, 1001 Olivesburg, Road, P.O. Box 8107, Mansfield, Ohio 44905 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Adam J. Evans ("Mr. Evans"), appeals the Portage County Court of Common Pleas' judgment denying his motion to vacate post-release control and all associated sanctions.

{¶2} Mr. Evans raises one assignment of error on appeal, arguing that the trial court committed plain error when it failed to inform him of the requirements of post-release

control, and more specifically, that the Adult Parole Authority ("APA") would be the administering body.

{¶3} We find Mr. Evans was adequately informed of the requirements of post-release control since he entered a written plea of guilty informing him of the requirements, which specifically mentioned the APA. Moreover, the trial court's sentencing judgment entry specifically referenced the appropriate statutory code section, which states that the APA would be the administering body. Thus, we affirm the judgment of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶4} In the spring of 2012, Mr. Evans was indicted by the grand jury on three counts: (1) illegal manufacture of drugs, a second-degree felony, in violation of R.C. 2925.04, (2) assembly or possession of chemicals to manufacture a controlled substance, a third-degree felony, in violation of R.C. 2925.041(A) and (C), and (3) tampering with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1) and (B).

{¶5} Mr. Evans subsequently entered a written plea of guilty to one count of illegal manufacture of drugs. The written plea form contained an acknowledgment, which Mr. Evans checked, that informed him post-release control was mandatory for a period of three years as part of his sentence and that if he violated the terms and condition of post-release control, "the Adult Parole Authority could impose a residential sanction that may include a prison term, which shall not exceed nine months, and the maximum cumulative prison term for all violations shall not exceed one-half of the stated prison term."

{¶6} On the same day he entered his oral and written plea of guilty, the trial court sentenced Mr. Evans to a two-year term of imprisonment, suspended his driver's license

2

for five years, and imposed a $10,000 fine.  The sentencing judgment entry contained a notification that "after release from prison [Mr. Evans] will be supervised under (mandatory) post release control R.C. 2967.28 for three years and that if [Mr. Evans] violates the terms of the post release control [Mr. Evans] could receive an additional prison term not to exceed 50 percent of his original prison term."  Mr. Evans did not appeal.

{¶7}    After violating the terms of his post-release control and being returned to prison by the APA, Mr. Evans filed a motion to vacate post- release control and all associated sanctions, arguing that he was never properly informed of post-release control.  The court denied his motion to vacate.  Several months later, the trial court issued a nunc pro tunc judgment entry to correct a clerical error in the case caption number.

{¶8}    Mr. Evans now appeals, raising one assignment of error:

{¶9}    "The trial court committed plain error when denying appellant's motion to vacate post release control because the trial court failed to inform the appellant of the post release control requirements, whereby violating the appellant's due process rights afforded under the Fourteenth Amendment to the Un[it]ed States Constitution, as well as Article I, Sec. 10 of the Ohio Constitution."

**Standard of Review**

{¶10}  Mr. Evans contends the trial court committed plain error by failing to inform him of the necessary notifications concerning post-release control.  More specifically, he argues that the trial court failed to notify him that the APA would be administering post-release control.

{¶11} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, applying R.C. 2953.08(G)(2).

{¶12} Because a trial court has a statutory duty to provide notice of post-release control at the sentencing hearing, any sentence imposed without proper notification is contrary to law. *State v. Riley,* 11th Dist. Portage No. 2018-P-0031, 2019-Ohio-3327, ¶65, citing *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, ¶8.

{¶13} A valid and statutorily-compliant imposition of post-release control requires the sentencing court to advise the defendant of three things at the sentencing hearing and in its sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ('APA') will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Id.* at ¶66, quoting *Grimes* at ¶1.

{¶14} The Supreme Court of Ohio has defined "plain error" in *State v. Barnes*, 94 Ohio St.3d 21 (2002), as follows

{¶15} "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.' 'By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be 'plain' within the

4

meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. * * *" *State v. Schillinger,* 11th Dist. Portage No. 2018-P-0014, 2018-Ohio-3966, ¶15-16, *appeal not accepted*, 154 Ohio St.3d 1501, 2019-Ohio-345, quoting *Barnes* at 27.

{¶16} We note at the outset that Mr. Evans failed to provide a transcript of the sentencing hearing, and thus we must presume the trial court properly notified Mr. Evans of post-release control and its requirements during the hearing. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Eastlake v. Maffitt*, 11th Dist. Lake No. 13-006, 1988 WL 64762, *1 (June 17, 1988), quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶17} A review of Mr. Evan's written plea of guilty and the sentencing judgment entry belies his argument that he was not properly notified of post-release control. Mr. Evan's written plea of guilty specifically advised him that post-release control would be

5

administered by the APA. Moreover, the sentencing entry notified him that he would be supervised under mandatory post-release control pursuant to R.C. 2967.28 for three years after his release. In *Riley*, *supra*, we found a similar statement by the trial court in its sentencing entry to constitute a sufficient notification under *Grimes*. Thus, we stated, "[t]he phrase 'a statement to the effect' implies that a specific recitation of the notification is unnecessary; it further implies that a summary of the notification will suffice to the extent it would have the effect of notifying a reasonable person of the point at issue. By referencing the statutory code section, which states that the APA will administer post-release control, we conclude the court gave a 'statement to the effect' that the APA would be [the] administrative body for post-release control once appellant was released. Appellant's argument in this regard is without merit." *Id.* at ¶75.

{¶18} In the case of Mr. Evans, however, he was specifically notified and he specifically acknowledged that the APA would be administering post-release control in his written plea of guilty. A "statement to that effect" is also in the trial court's sentencing entry.

{¶19} Finding Mr. Evan's sole assignment of error to be without merit, we affirm the judgment of the Portage County Court of Common Pleas.


MATT LYNCH, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.