[Cite as *State v. Nicholas*, 2021-Ohio-1669.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-299 |
| | : | |
| DONOVAN ASHER NICHOLAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of May, 2021.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

TIMOTHY B. HACKETT, Atty. Reg. No. 0093480 & PATRICK T. CLARK, Atty. Reg. No. 0094087, Office of the Ohio Public Defender, 50 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Donovan Asher Nicholas appeals from a judgment of the Champaign County Court of Common Pleas, which concluded, in relevant part, that the clerk of courts had separated appointed counsel fees from court costs and, thus, our order for the trial court to direct the clerk of courts to do the same on remand was moot. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for the trial court to direct the clerk of courts to remove the attorney fees from the cost bill.

I.      **Facts and Procedural History**

{¶ 2} Nicholas was convicted of aggravated murder in 2018 and raised several assignments of error on appeal. *State v. Nicholas*, 2020-Ohio-3478, 155 N.E.3d 304 (2d Dist.), *appeal allowed*, 161 Ohio St.3d 1439, 2021-Ohio-375, 162 N.E.3d 822. Important to this matter, Nicholas argued that the trial court erred when it included $9,819 of appointed counsel fees in the cost bill issued in the case. We agreed, stating that the trial court "will be directed to order the clerk to remove the attorney fee amount from the cost bill." *Id*. at ¶ 167. In our judgment entry, we remanded the matter to the trial court for the purposes of "correcting the cost bill concerning appointed counsel fees" and clarifying other charges. *Id*. at ¶ 198.

{¶ 3} In the meantime, the Champaign County clerk of courts attempted to rectify the issue by adding an additional section to the cost bill delineating the counsel fees from court costs. A new section was also added to "CourtView" (the online docket) entitled "Financial Case Summary," which further demonstrated the difference between court costs and appointed counsel fees.

{¶ 4} On July 7, 2020, the trial court filed a "JOURNAL ENTRY IN RESPONSE TO THE DECISION ISSUED BY THE SECOND DISTRICT COURT OF APPEALS." (Capitalization sic.) In that entry, the court addressed the issue of counsel fees being co-mingled with other expenses in the cost bill. The court attached several exhibits. Court's Exhibit 1 was the itemized cost bill, still showing as a line item $9,819 in "appointed counsel fees and expenses." On the last page of the cost bill, however, there was a succinct breakdown of the balance for the case. The amount of "costs" was recorded as $14,073, "counsel fees" was listed as $9,819, "deposit" was noted as $25.41, the amount for "foreign law enforcement" was listed as $329.47, and "reparation rotary" was enumerated as $60. According to the document, the total balance for the case was $24,281.77.

{¶ 5} Court's Exhibit 2 was the "Financial Case Summary," promulgated by CourtView Justice Solutions. This document also showed the court "cost" as $14,073.30 on one line, with "counsel fees" of $9,819 directly below it. The "total fees" were calculated to be $23,892.30.

{¶ 6} The gravamen of the trial court's argument in its entry in response to our remand was that, because Court's Exhibits 1 and 2 demonstrated that the counsel fees and court costs were "clearly separated" in accordance with our order, the order of this Court was moot. We disagree.

## II. This Court's order was not moot

{¶ 7} R.C. 2941.51(D) states that a person who is represented by court-appointed counsel is required to pay counsel fees if the trial court determines that the defendant has, or may expect to have, the means to pay all or part of the cost of the legal services

provided to him. *State v. Taylor,* Ohio Slip Opinion 2020-Ohio-6786, __ N.E.3d __; *Galion v. Martin*, 3d Dist. Crawford No. 3-91-6, 1991 WL 261835, *5 (Dec. 12, 2991). This requirement cannot be made part of a sentence, though, because counsel fees are not directly enforceable as a criminal sanction. *Taylor* at ¶ 35; *State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 19.

{¶ 8} Instead, the court must enter a separate civil judgment for the attorney fees. *Galion* at *5; *accord State v. Riley*, 2019-Ohio-3327, 141 N.E.3d 531, ¶ 98 (11th Dist.) ("R.C. 120.04(B)(5) confirms that the collection of any attorney fees under R.C. 2941.51(D) must be separately pursued by the public defender via the civil collection process."); *State v. Springs*, 2015-Ohio-5016, 53 N.E.3d 804 (2d Dist.) (a county desiring to enforce the reimbursement of counsel fees must pursue civil collection proceedings.)

{¶ 9} This distinction and separation of counsel fees from court costs is significant. The legislature "has specifically required courts to include financial sanctions, fines, and court costs as part of the defendant's sentence." *Taylor* at ¶ 35; *see* R.C. 2929.18 (financial sanctions are levied as a part of an offender's sentence); R.C. 2947.14(A) (fines are imposed as part of the sentence); R.C. 2947.23 (prosecution costs shall be included in the sentence). On the other hand, the sentencing statutes are silent regarding when a trial court can order a defendant to pay counsel fees, which is important because "courts may impose only sentences that are provided for by statute." *Id.* Because there is no statutory authority permitting a court to sentence a defendant to pay counsel fees, "such an order cannot be included as part of the defendant's sentence." *Id.* It follows, then, that a defendant's cost bill represents part of his sentence, albeit a civil debt. In contrast, the Ohio Supreme Court recently stated that the appointed counsel fees are a civil

assessment and not part of a defendant's sentence. *Id.* at ¶ 34.

{¶ 10} It is clear from the trial court's exhibits that our remand order was not followed. The directive was clear: "remove the attorney fee amount from the cost bill." *Nicholas,* 2020-Ohio-3478, 155 N.E.3d 304, at ¶ 167. While the last page of the cost bill and CourtView summed up the difference in court costs from counsel fees, line item 185 still shows "counsel fees" of $9,819.

{¶ 11} This is not just a problem because the trial court failed to follow through on a remand directive and because including the attorney fees in Nicolas's sentence is contrary to law; this failure has negative implications on Nicholas as well. Because the cost bill still indicates to the Ohio Department of Rehabilitation and Correction (ODRC) that Nicholas owes $24,307.18 (according to Court's Exhibit 3), the ODRC will continue to garnish that amount from his institutional earnings and other money deposited into his account by friends and family. When the highest inmate work compensation level is $24 per month (*see* Ohio Adm.Code 5120-3-08(A)(7)), the difference between garnishing $24,307.18 and $14,488.18 (the difference between the amount the cost bill shows Nicholas owes and what Nicholas *should* owe at this point) is substantial.

{¶ 12} To be sure, the State is entitled to recoup the appointed counsel fees, but it must go about it the correct way – the civil collection process. Considering the above discussion, the trial court erred by not removing the counsel fees from the cost bill.

{¶ 13} The assignment of error is sustained.

### III.    Conclusion

{¶ 14} We find that our previous order was not moot. Therefore, the trial court's judgment will be reversed, and the matter will be remanded for the trial court to direct the

clerk of courts to remove the attorney fees from the cost bill.

. . . . . . . . . . . . .

DONOVAN, J. concurs.  HALL, J., concurs in judgment only.

Copies sent to:

Jane A. Napier
Timothy B. Hackett
Patrick T. Clark
Hon. Nick A. Selvaggio