[Cite as *State v. Risner*, 2025-Ohio-1218.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GREGORY LEE RISNER,

    DEFENDANT-APPELLANT.

CASE NO. 6-24-08

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GREGORY LEE RISNER,

    DEFENDANT-APPELLANT.

CASE NO. 6-24-09

O P I N I O N

**Appeals from Hardin County Common Pleas Court
Trial Court Nos. CRI 20202053 and CRI 20212080**

**Judgments Affirmed**

**Date of Decision:  April 7, 2025**

APPEARANCES:

    *Kimberly E. Burroughs* **and** *Patrick T. Clark* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Gregory L. Risner ("Risner") appeals the judgments of the Hardin County Court of Common Pleas, arguing that the manner in which the trial court ordered him to repay the costs of his court-appointed counsel violated R.C. 2941.51(D) and his constitutional rights. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} On April 16, 2020, Risner was indicted on four felony charges that became the basis of Case No. CRI-2020-2053. Pursuant to a plea agreement, he pled guilty to two of these charges. On October 22, 2020, the trial court issued a judgment entry of sentencing that placed Risner on community control. This entry also ordered Risner to "[p]ay court costs, including court appointed counsel fees," and taxed these fees to him as court costs. (Doc. 41A).

{¶3} On June 23, 2021, the State filed a motion to revoke Risner's community control after he was indicted on seventeen felony charges that became the basis of Case No. CRI-2021-2080. In response, the trial court declined to continue Risner on community control and imposed an aggregate prison term of forty-one months. This order also taxed court-appointed-counsel fees to Risner as court costs.

{¶4} The seventeen felony charges in Case No. CRI-2021-2080 went to trial on October 14-15, 2021. The jury found Risner guilty on all charges. On November 1, 2021, the trial court issued a judgement entry of sentencing that ordered Risner to serve a prison term of seventy-six months that was to be served consecutively to the prison term imposed in Case No. CRI-2020-2053. This entry also ordered Risner to "[p]ay court costs, including court appointed counsel fees" and taxed these fees to him as court costs. (Doc. 72B).

{¶5} On April 23, 2024, Risner filed motions to modify the judgment entries of sentencing in Case No. CRI-2020-2053 and Case No. CRI-2021-2080. Risner argued that

> [i]t is unlawful for a court to *sentence* an offender to repay court-appointed-counsel fees. [*State v.*] *Taylor*, 2020-Ohio-6786, ¶ 32-34. Court costs and criminal financial penalties must be included in a defendant's criminal sentence. *Taylor* at ¶ 34-36; R.C. 2941.23. But orders to repay the fees of court appointed counsel may not be taxed as costs, and they may not be included in a defendant's criminal sentence. *Taylor* at ¶ 32-34. *Instead*, *if a court wishes to order a criminal defendant to repay court-appointed-counsel fees, the court must impose the order on the defendant as a civil judgment.* [*Taylor*] at [¶] 32-38.

(Emphasis added.) (Doc. 90A, 98B). To make the requested modification, this motion invoked the continuing jurisdiction over court costs that is conferred on trial courts by R.C. 2947.23(C).

{¶6} On April 25, 2024, the trial court issued a judgment entry in Case No. CRI-2020-2053 and a judgment entry in Case No. CRI-2021-2080 (collectively "the

-3-

April 25 judgment entries") that found the original sentencing entries in these cases had incorrectly taxed court-appointed-counsel fees to Risner as court costs. The April 25 judgment entries modified Risner's court costs by removing the orders that taxed his court-appointed-counsel fees as court courts; stated that the court-appointed-counsel fees were civil assessments; and specified that these civil assessments were not a part of his sentence.[1]

{¶7} Risner filed his notices of appeal on May 28, 2024. On appeal, he raises the following two assignments of error:

### First Assignment of Error

**The trial court erroneously applied both R.C. 2941.51(D) and its implementing regulation, Adm. Code 120-1-05, when it ordered Mr. Risner to immediately repay the full cost of his court appointed counsel.**

### Second Assignment of Error

**The trial court's order requiring Mr. Risner to immediately repay the entire cost of his court appointed counsel violates Mr. Risner's constitutional right to counsel.**

*First Assignment of Error*

{¶8} Risner argues that the trial court failed to comply with R.C. 2941.51(D) and Ohio Adm. Code 120-1-05 in addressing the costs of court-appointed counsel.

---

[1] On appeal, Risner does not challenge the trial court's ability to issue a civil assessment for court-appointed-counsel fees after it vacated the order that taxed court-appointed-counsel fees as court costs pursuant to R.C. 2947.23(C). Accordingly, we will not conduct an analysis of this issue in this opinion. *See also Taylor*, 2020-Ohio-6786, ¶ 32-33 38.

Legal Standard

**{¶9}** At the outset, R.C. 2941.51 states that "[court-]appointed counsel shall be paid 'by the county the compensation and expenses that the trial court approves.'" *State v. Radabaugh*, 2024-Ohio-5640, ¶ 78 (3d Dist.), quoting R.C. 2941.51(A). However, R.C. 2941.51(D) goes on to provide the following:

> The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, *if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person*, the person shall pay the county an amount that the person reasonably can be expected to pay. * * *

(Emphasis added.) Thus, pursuant to this provision, a "trial court in a criminal case has the authority to impose court-appointed-counsel fees upon a defendant." *State v. Taylor*, 2020-Ohio-6786, ¶ 24. Further,

> while such fees may be assessed at the sentencing hearing, they cannot be included as a part of the offender's sentence. Though, if the assessment of the fees is included in the sentencing entry, the court must note that the assessment of the court-appointed-counsel fees is a civil assessment and is not part of the defendant's sentence.

*Taylor* at ¶ 37. "To avoid confusion, the best practice would be to include the order in a separate entry, apart from the sentence." *Id*.

**{¶10}** In deciding whether to assess court-appointed-counsel fees, "R.C. 2941.51 provides that the trial court evaluates whether the defendant can reasonably be expected to pay the fees." *Taylor* at ¶ 29.

> What goes into this determination are myriad factors similar to those a court would use to evaluate a defendant's ability to pay court costs

under R.C. 2947.23. The court's decision should be informed by the administrative provisions and agency-promulgated rules that govern the matters of indigency and recoupment, as that will place courts and government agencies in a better position when the relevant parties seek collection.

*Id*. "R.C. 2941.51 does not require the trial court to make any explicit findings prior to assessing court-appointed-counsel fees against a defendant, [though] making such findings explicitly on the record is the best practice." *Id.* at ¶ 28.

## Standard of Review

**{¶11}** An appellate court examines a trial court's "finding that [a defendant] has, or reasonably may be expected to have, the means to pay court-appointed-counsel fees" for an abuse of discretion. *State v. Radabaugh*, 2024-Ohio-5640, ¶ 79 (3d Dist.). An abuse of discretion is not merely an error of judgment but is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Wilson*, 2022-Ohio-504, ¶ 37 (3d Dist.).

## Legal Analysis

**{¶12}** Risner raises three main arguments herein. First, he asserts that R.C. 2941.51(D) and Ohio Adm. Code 120-1-05(G) do not permit trial courts to assess all of the court-appointed-counsel fees that are incurred during a defendant's representation. However, in *State v. Taylor*, the Ohio Supreme Court interpreted R.C. 2941.51(D) and held that, "under the plain language of the statute, the person represented by court-appointed counsel may be required to pay some *or all* of the

expenses of that representation." (Emphasis added.) *Taylor*, 2020-Ohio-6786, ¶ 17. *See also Radabaugh* at ¶ 78.

**{¶13}** In turn, Ohio Adm. Code 120-1-05(G) reads, in its relevant part, as follows:

> Subject to review and approval by the Ohio public defender, *each county shall establish a reimbursement, recoupment, contribution, or partial payment program to recover* a portion of the expense of appointing counsel. . . .
>
> *Such programs* shall not:
>
> . . .
>
> (G) Attempt to recoup the full cost of providing appointed counsel, experts, transcripts, or other associated expenses.

Ohio Adm. Code 120-1-05(G). As an initial matter, we acknowledge that trial courts "should be *informed* by the administrative provisions and agency-promulgated rules that govern the matters of indigency and recoupment" in making determinations about assessing court-appointed-counsel fees. (Emphasis added.) *Taylor*, 2020-Ohio-6786, ¶ 29.

**{¶14}** However, the issue raised by Risner concerns *trial courts* that are in the process of deciding whether to *issue* an assessment for court-appointed-counsel fees. The language of Ohio Adm. Code 120-1-05(G) clearly addresses *county programs* that are seeking to *recover* court-appointed-counsel fees. Even assuming that this regulation could restrict trial courts, it does not contain language that would

purport to limit a trial court's discretion under R.C. 2941.51(D) in the manner advocated by Risner.

{¶15} In contrast to Ohio Adm. Code 120-1-05, the reasoning in *State v. Taylor* directly addresses the exact issue raised by Risner. Accordingly, we apply the interpretation of R.C. 2941.51(D) in *State v. Taylor* to the question before us and hold that a trial court is permitted to assess "some or all" of the court-appointed counsel fees that are incurred during a defendant's representation. *Taylor*, 2020-Ohio-6786, ¶ 17. *See Radabaugh*, 2024-Ohio-5640, ¶ 78 (following the identified interpretation of R.C. 2941.51(D) in *Taylor*). Accordingly, this first argument is without merit.

{¶16} Second, Risner asserts that R.C. 2941.51(D) did not permit the trial court to consider his future ability to pay court-appointed-counsel fees in deciding whether to issue a civil assessment in this case. R.C. 2941.51(D) reads, in its relevant part, as follows: "if the person represented has, *or reasonably may be expected to have*, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." (Emphasis added.) R.C. 2941.51(D).

{¶17} In interpreting the text of R.C. 2941.51(D), this Court has repeatedly indicated that a trial court can issue an assessment for court-appointed-counsel fees if a defendant is found to have a "present *or future* ability to pay" these costs. (Emphasis added.) *State v. Ramsey*, 2012-Ohio-134, ¶ 22 (3d Dist.). *See State v.*

*Shaffer*, 2009-Ohio-4804, ¶ 20 (3d Dist.); *State v. Junod*, 2019-Ohio-743, ¶ 66 (3d Dist.); *State v. Cartlidge*, 2020-Ohio-3615, ¶ 48 (3d Dist.). *See also State v. Skirvin*, 2019-Ohio-2040, ¶ 9 (2d Dist.); *State v. Connin*, 2021-Ohio-4445, ¶ 39 (6th Dist.).

**{¶18}** Against this position, Risner argues that an interpretation of R.C. 2941.51(D) that permits trial courts to *issue* civil assessments based solely upon a defendant's future ability to pay would necessarily permit trial courts to *enforce* collection on a civil assessment based solely upon a defendant's future ability to pay. Risner argues that, as a result of this interpretation, civil assessments could be immediately enforced against an indigent and incarcerated defendant simply because he or she was found to have a future ability to pay.

**{¶19}** This argument alludes to the fact that, after the trial court issues a civil judgment that assesses court-appointed-counsel fees, collection on that civil judgment is enforced "separately . . . via the civil collection process." *See State v. Riley*, 2019-Ohio-3327, ¶ 98 (11th Dist.), citing R.C. 120.04(B)(5); *State v. Nicholas*, 2021-Ohio-1669, ¶ 8 (2d Dist.); *State v. Fulton*, 2019-Ohio-2509, ¶ 54 (11th Dist.). In the case presently before us, the trial court has issued a civil assessment for court-appointed-counsel fees, but the record contains no indication that a civil collection proceeding has been initiated to enforce this civil assessment.

**{¶20}** Risner's argument asks how the text of R.C. 2941.51(D) would apply in a situation where a trial court decided to enforce an assessment for court-appointed-counsel fees in a civil collection proceeding against an indigent and

incarcerated defendant solely because he or she was found to have a future ability to pay.[2] This case does not present that situation. We decline to apply R.C. 2941.51(D) to a hypothetical scenario. Instead, we will limit our analysis to what transpired in this case and determine only whether the trial court erred in issuing a civil assessment for court-appointed counsel fees based on Risner's future ability to pay.

{¶21} Having considered Risner's arguments on appeal, we affirm our prior precedent and again conclude that, in addition to a person's present ability to pay court-appointed counsel fees, a person's "future ability to pay also justifies an order of reimbursement pursuant to the terms of R.C. 2941.51(D). . . ." *State v. Ping*, 2023-Ohio-4608, ¶ 19 (3d Dist.). Thus, the trial court did not err in issuing an assessment for court-appointed-counsel fees based upon Risner's future ability to pay these costs. Accordingly, this second argument is without merit.

{¶22} Third, Risner asserts that, under the facts of this case, the trial court abused its discretion by assessing court-appointed-counsel fees to him. In its April 25 judgment entries, the trial court made an express finding that Risner would have the ability to pay the court-appointed-counsel fees. *See Taylor*, 2020-Ohio-6786, ¶ 28 ("R.C. 2941.51 does not require the trial court to make any explicit findings prior

---

[2] In addition to inquiring into how our interpretation of R.C. 2941.51(D) could apply in a situation where a trial court formally decides to enforce a civil assessment in a collection proceeding, Risner also argues that the April 25 judgment entries effectively require him to pay towards the civil assessment of court-appointed-counsel fees while he is indigent and incarcerated. However, we will consider this argument under his second assignment of error as he raises this same challenge therein.

to assessing court-appointed-counsel fees . . . , [though] making such findings . . . is the best practice" as this would allow for "more meaningful [appellate] review of the imposition of fees.").

**{¶23}** We find the case presently before us to be distinguishable from a recent decision in which we concluded that a trial court abused its discretion in assessing court-appointed-counsel fees. In *State v. Radabaugh*, the court-appointed-counsel fees accrued across a thirteen-month representation that culminated in a jury trial that lasted multiple days. *Id.*, 2024-Ohio-5640, fn. 5. At sentencing, the trial court imposed a restitution order of $7,482; a fine of $20,000.00; and court costs. *Id.* at ¶ 84. In this process, the trial judge said, "I think what's done in the way of financial [sanctions] is probably more than he'll ever be able to pay realistically. . . ." *Id.*

**{¶24}** The trial court also ordered Radabaugh to serve "a total aggregate sentence of life in prison without the possibility of parole." *Radabaugh* at ¶ 83. Thus, in addition to the fact that the presentence investigation indicated that Radabaugh did not have any current assets or income, his sentence indicated he was unlikely to ever be released from prison. *Id.* at ¶ 83-84. In addressing this reality, the trial court speculated that Radabaugh could still receive "an inheritance or come[] into some money somehow." *Id.* at ¶ 84. Given these facts, we concluded that "it was unreasonable for the trial court to find Radabaugh ha[d], or reasonably

may be expected to have, the means to pay the court-appointed-counsel fees." *Id.* at ¶ 85.

**{¶25}** In contrast, Risner was sentenced to an aggregate prison term of roughly nine years and nine months when he was forty-four years old. Further, the trial court stated that its determination was based upon "the employment information in the presentence investigation." (Doc. 99B). *See State v. McMillen*, 2022-Ohio-1212, ¶ 27 (5th Dist.); *State v. Nichols*, 2024-Ohio-5530, ¶ 35 (6th Dist.); *State v. Hall*, 2011-Ohio-5748, ¶ 9 (12th Dist.). This report also contained information about Risner's health, monthly expenses, recent jobs, and hourly earnings. *See State v. Freeman*, 2023-Ohio-3102, ¶ 13 (9th Dist.). Thus, the trial court's determination was based upon evidence in the record rather than on speculation about "com[ing] into some money somehow." *Radabaugh* at ¶ 84.

**{¶26}** For these reasons, we conclude that the trial court did not abuse its discretion in determining that Risner could be reasonably expected to have the means to pay for the court-appointed-counsel fees in this case. Since Risner's argument does not establish that the trial court acted arbitrarily, unreasonably, or unconscionably, the third argument is without merit. Accordingly, the first assignment of error is overruled.

*Second Assignment of Error*

**{¶27}** Risner challenges the April 25 judgment entries, arguing that these orders violate his constitutional right to counsel.

Legal Standard

**{¶28}** The "distinction and separation of counsel fees from court costs is significant." *Nicholas*, 2021-Ohio-1669, ¶ 9. "[T]he General Assembly has specifically required courts to include financial sanctions, fines, and court costs as a part of the defendant's sentence." *Taylor*, 2020-Ohio-6786, ¶ 35. Thus, "a defendant's cost bill represents part of his sentence, albeit a civil debt." *Nicholas* at ¶ 9. However, "because there is no statutory authority allowing a trial court to 'sentence' a defendant to pay court-appointed-counsel fees, such an order cannot be included as a part of the defendant's sentence." *Taylor* at ¶ 35. For this reason, court-appointed-counsel fees are to be recovered through "the civil collection process." *Nicholas* at ¶ 11-12 (directing court-appointed-counsel fees to be removed from a cost bill that was being paid by garnishing the funds in the defendant's inmate account). *See also Riley*, 2019-Ohio-3327, ¶ 100 (11th Dist.).

Legal Analysis

**{¶29}** Risner asserts that the April 25 judgment entries violate his constitutional right to counsel by effectively requiring him to pay the civil assessment of his court-appointed-counsel fees while he is incarcerated and indigent. To substantiate this assertion, he points to a December 2021 Agreement ("agreement") in the record under which a third party agreed to make monthly payments of $50.00 towards his court costs. Under this agreement, funds were to

be withdrawn from Risner's "inmate prison account" if the third party failed to make a monthly payment. (Doc. 80A, 87B).

**{¶30}** Importantly, this agreement only addresses the "repayment of *court costs.*" (Emphasis added.) (Doc. 80A, 87B). The original sentencing entries included court-appointed-counsel fees in the court costs that were imposed. However, the April 25 judgment entries were issued to remove the orders that imposed court-appointed-counsel fees as court costs. Thus, pursuant to the terms of April 25 judgment entries, Risner's court-appointed-counsel fees are no longer imposed as court costs and, as a consequence, would not still be subject to an agreement that addresses the repayment of court costs.

**{¶31}** Even if the third party should fail to make a monthly payment under the agreement, the record contains no indication that the funds withdrawn from Risner's prison inmate account could properly be applied by the clerk of courts to his court-appointed-counsel fees as these fees are no longer imposed as court costs pursuant to the April 25 judgment entries.[3] For this reason, we conclude that Risner has failed to establish that the April 25 judgment entries effectively require him to pay the civil assessment of court-appointed-counsel fees while he is indigent and

---

[3] The statement of costs issued by the clerk of courts indicates that Risner owed $9,856.15 in court costs and restitution. Court-appointed-counsel fees constituted $4,960.35 of this total amount. By the time of his appeal, the record contains twenty-nine receipts for payments that were received by the clerk of courts. Beyond these figures, the record before this Court does not contain information that establishes the remaining balance for Risner's court costs or how the payments have been applied to the various obligations that comprise the total amount of court costs.

incarcerated. Since Risner's arguments fail to identify an error with the April 25 judgment entries, the second assignment of error is overruled.

*Conclusion*

**{¶32}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of Hardin County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**WALDICK, P.J. and MILLER, J., concur.**

**/hls**